872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vonda Lee VERRAN, Plaintiff-Appellant,
v.
KINGSPORT PRESS, INC., also known as Arcata Graphics Co.,
Defendant-Appellee.
 No. 88-5769.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The sole issue in this Title VII sex discrimination case is whether the district court's finding of nondiscrimination was clearly erroneous. We do not believe that it was, and we shall affirm the judgment of the district court.
 
 
 2
 Plaintiff Vonda Lee Verran was hired as a proofreader by defendant Kingsport Press, a Tennessee publisher, in 1962. She worked as a proofreader, with two stints as a first-line supervisor, until May of 1981. Ms. Verran was then promoted to one of three general foreman positions. The other two general foremen, Earl Stout and Jackie Taylor, were men. Mr. Stout was made a general foreman on the same day as Ms. Verran. Mr. Stout and Ms. Verran received identical evaluations over the years; each received one evaluation as "competent," and each was evaluated as "superior" on all other occasions.
 
 
 3
 The Kingsport Press division in which Ms. Verran worked, the Composition Division, was not a profitable operation. In 1984, for example, the division lost more than $988,000. A new plant manager, John Dayton, was hired, with instructions to make the plant profitable. Dayton implemented a reorganization plan that called for eliminating two of the three general foreman positions. The company kept Earl Stout as general foreman. The other male general foreman, Jackie Taylor, was demoted to customer service manager. The plaintiff was demoted to her former job as a proofreader. The operation became profitable within two years of the reorganization.
 
 
 4
 The company's stated reason for retaining Earl Stout as general foreman and demoting the other two general foremen was that only Mr. Stout had computer experience. Management believed that the company could not be made profitable without taking better advantage of new computer technology.
 
 
 5
 After receiving a right-to-sue letter from EEOC, the plaintiff commenced this action in federal district court. The complaint included an age discrimination claim and pendent state claims, but the non-Title VII claims were abandoned before trial.
 
 
 6
 After a bench trial, the district court (Thomas G. Hull, J.) filed a memorandum opinion and entered judgment for the defendant. Judge Hull's opinion carefully follows the methodology for Title VII employment discrimination cases outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981). First, the district court found that the plaintiff had established a prima facie case of sex discrimination. The burden then shifted to the defendant to advance a legitimate, nondiscriminatory reason for the plaintiff's demotion. The reason put forward here was that while Ms. Verran and Mr. Stout had comparable performance evaluations, only Mr. Stout had the computer experience necessary to turn Kingsport Press around. The court found that the proffered reason was not a mere pretext. This is a finding of fact which we may set aside only if it is clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 7
 It was undisputed that the Composition Division was losing large amounts of money. There is no reason to suppose that the elimination of two of the three general foreman positions was prompted by a desire to discriminate against the plaintiff because of her sex. Rather, it was part of a broad reorganization plan designed to get the division back on its feet. Although the plaintiff and Earl Stout had similar performance ratings, Mr. Stout had one asset which the plaintiff clearly lacked--familiarity with computers. The company's explanation for cutting the plaintiff's pay, while allowing the other demoted general foreman, Jackie Taylor, to continue earning the same salary, is also plausible.
 
 
 8
 For the reasons stated herein and in Judge Hull's opinion, the judgment of the district court is AFFIRMED.